IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-MJ-00081-JTM |
| ) | |
| ISSE AWEIS MOHAMUD, ) | |
| ) | |
| Defendant. ) | |

ORDER

Pending before the Court is the government's Motion for Detention. After conducting a detention hearing on May 5 and 9, 2017, pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders defendant Mohamud detained pursuant to 18 U.S.C. § 3142(e).

The Court orders defendant Mohamud's detention because it finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. While the government argued that defendant Mohamud should be detained as both a flight risk and a danger to the community and cited to the Court a Tenth Circuit case[1] that suggested a court could base detention on a finding of dangerousness grounds even though the detention hearing itself was only authorized on flight risk grounds, the Court has found more persuasive cases with contrary holdings. See United States v. Ploof, 851 F.2d 7, 11 (1st Cir. 1988)("where detention is based on dangerousness grounds, it can be ordered only in cases involving one of the circumstances set forth in § 3142(f)(1)"); United States v. Himler, 797 F.2d 156, 157-58 (3rd Cir. 1986)(where detention hearing was justified only by an alleged serious risk of

---

[1] United States v. Gerkin, 570 F. App'x 819 (10th Cir. 2014).

flight pursuant to 18 U.S.C. § 3142(f)(2)(A), it is improper to base detention on danger to the community); United States v. Chavez-Rivas, 536 F.Supp.2d 962, 968 (E.D. Wis. 2008)("detention as a danger is permitted only in cases covered by § 3142(f)(1)"). If the government had charged defendant Mohamud with a crime enumerated in 18 U.S.C. § 3142(f)(1), such as an offense listed in 18 U.S.C. § 2332b(g)(5)(B), then a rebuttable presumption would have applied that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community and the Court would have had the option of detaining defendant as a danger. See United States v. Farah, 107 F.Supp.3d 996 (D. Minn. 2015).

However, the government moved for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2)(A),[2] asserting the risk that defendant Mohamud would flee. Thus, the Court is limited to a risk of flight analysis. In performing that analysis, the Court has examined the factors set forth in section 3142(g). Evidence presented at the hearing shows that while defendant has close family ties to this area, he traveled to Egypt without telling his family that he was leaving. The family, in fact, reported him missing when he failed to return home from work. Upon learning of defendant's travel to Egypt, two close family members expressed concern that the travel was related to terrorist activities. Evidence presented suggests that for several years, defendant had contemplated leaving his home to join a foreign terrorist organization and had taken significant steps to bring his plan to fruition, such as saving money to finance his travel expenses, obtaining educational books in an attempt to learn the Arabic language, developing contacts in foreign countries, obtaining a passport, deleting communications from his social media accounts and electronic devices, and traveling to Egypt. The nature and cicumstances of the offense charged,

---

[2] Given the charge in the Complaint, the government could not request a detention hearing pursuant to subsection (f)(1).

2

that defendant made a false statement in his passport application, can be viewed as an attempt to hide his actual plans and motivation for travel, yet another step towards achieving his goal to leave this country to join a foreign terrorist organization.  Defendant's long-held goal to leave this country to join a foreign terrorist organization, as well as his recently displayed ability to carry through on his plan by covertly leaving his home for overseas travel, causes the Court to find by a preponderance of the evidence that there is a serious risk defendant will flee if released on bond.  The Court concludes there is no condition or combination of conditions that will reasonably assure defendant's appearance as required.   Therefore, defendant shall be detained pending trial.

Based on the foregoing, the Court directs that:

The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The defendant be afforded reasonable opportunity for private consultation with counsel.

On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

Upon receipt of written consent from counsel for the United States and counsel for the defendant, a United States marshal is authorized to temporarily transfer custody of the defendant, to a federal law enforcement agency for the purpose of furthering a legitimate law enforcement purpose or investigation.  If custody of the defendant is temporarily transferred to a federal law enforcement agency pursuant to this authority, then federal law enforcement agents of that agency shall be present with the defendant at all times.  Agents of the federal law enforcement agency to whom temporary custody of the defendant is transferred shall be responsible for the safe and secure custody of the defendant, as well as his well-being, while he is in the temporary custody of that federal law enforcement agency.

The defendant, whose custody is temporarily transferred pursuant to this authority, shall remain in the United States Courthouse, 400 East 9th Street, Kansas

City, Missouri, shall not be taken to another location, and shall be returned by the federal law enforcement agency to the United States Marshal's Service cell block no later than 5:00 p.m. on the day of the temporary transfer.

IT IS SO ORDERED.

                                                      /s/ *Sarah W. Hays*
                                                        SARAH W. HAYS
                                      UNITED STATES MAGISTRATE JUDGE