# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ISSE AWEIS MOHAMUD, <br><br> Defendant. | Case No. 17-00172-01-CR-W-DGK |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1.** **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Thomas M. Larson, Acting United States Attorney, and Brian P. Casey and David Raskin, Assistant United States Attorneys, and the defendant, Isse Aweis Mohamud ("the defendant"), represented by Carie Allen.

The defendant understands and agrees that this plea agreement is only between the defendant and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2.** **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count One of the indictment charging defendant with violating 18 U.S.C. § 1542, that is, passport fraud. By entering into this plea agreement, the defendant admits having knowingly committed this offense, and admits being guilty of this offense.

1

3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which defendant is pleading guilty are as follows:

> On January 27, 2017, the defendant submitted an application for a U.S. passport at the Gladstone Station Post Office, in Gladstone, Missouri (the "Application"). In response to a question on the Application asking what countries were to be visited by the applicant, the defendant stated "Canada." The defendant also attached to the Application a confirmed travel itinerary for a roundtrip flight from Kansas City, Missouri to Vancouver, Canada, departing on February 8, 2017 and returning on February 15, 2017.
>
> The defendant did not take the Kansas City-Vancouver flights identified in the itinerary accompanying the Application, and he never intended to travel to Canada. Instead, on April 24, 2017, the defendant traveled from Kansas City, Missouri, to Alexandria, Egypt using the U.S. passport that was issued based on the defendant's false representations that he was travelling to Canada.
>
> On May 4, 2017, the defendant told agents of the Federal Bureau of Investigation that he applied for a U.S. passport with the intention of traveling to Egypt. The agents asked the defendant whether he considered traveling to any country other than Egypt when he submitted the Application, and the he said no.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining defendant's guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that in calculating the offense level for the charge to which defendant is pleading guilty as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2), or as part of the "offense of conviction" pursuant to U.S.S.G. § 1B1.2.

5. **Statutory Penalties.** The defendant understands that upon defendant's plea of guilty to Count One f the indictment charging a violation of 18 U.S.C. § 1542, the maximum

penalty the Court may impose is not more than 10 years of imprisonment, a $250,000 fine, 3 years of supervised release, and a $100 mandatory special assessment per felony count of conviction which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony.

      **6.** **<u>Sentencing Procedures.</u>** The defendant acknowledges, understands and agrees to the following:

      a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission. While these Guidelines are advisory in nature, and the Court ordinarily would have the discretion to impose a sentence either less than or greater than the court-determined advisory Guidelines range, in this instance the parties agree, pursuant to Rule 11(c)(1)(C), **that the Court must impose a sentence of 48 months of imprisonment**. If the court accepts this plea agreement, it must inform the defendant that sentence will be imposed in accordance with this agreement of the parties. If the court rejects this plea agreement, it must, on the record and in open court, inform the parties that the court rejects the plea agreement, advise the defendant personally that because the Court is rejecting the plea agreement the Court is not required to impose sentence in accordance with the agreement of the parties, give the defendant an opportunity to withdraw defendant's guilty plea, and further advise the defendant that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the defendant than the plea agreement contemplated;

      b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

      c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to 3 years; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed;

      d. if the defendant commits a supervised release violation, the Court may revoke supervised release and impose an additional period of imprisonment of up to 2 years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed 3 years, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

e. any sentence of imprisonment imposed by the Court will not allow for parole;

**7. <u>Government's Agreements</u>.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for a violation of 18 U.S.C. § 1542 relating to his acquisition and use of a U.S. passport between January 17, 2017 and May 5, 2017.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives defendant's right to challenge the initiation of the dismissed or additional charges if defendant breaches this agreement. The defendant expressly waives the right to assert a statute of limitations defense if the dismissed or additional charges are initiated following defendant's breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against defendant following a breach of this plea agreement, defendant will not be allowed to withdraw defendant's guilty plea.

**8. Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which defendant has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

**9. Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw defendant's plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal.

**10. Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a. The Sentencing Guidelines do not bind the Court and are advisory in nature. However, if the court accepts this Rule 11(c)(1)(C) plea agreement, the

Court is bound to impose the sentence agreed to by the parties, as set forth in paragraph 6 above;

  b. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2L2.2(a), which provides for a base offense level of 8;

  c. Pursuant to U.S.S.G. § 2L2.2(b)(3)(A), there is a 4-level enhancement, because the defendant fraudulently obtained and used a United States passport;

  d. The offense level should not be increased under U.S.S.G. § 3A1.4(a) because the Government has no direct evidence that the defendant's participation in the offense of conviction (*i.e.*, passport fraud in violation of 18 U.S.C. § 1542) involved, or was intended to promote, a "federal crime of terrorism" as that term is defined in 18 U.S.C. § 2332b(g)(5);

  e. The defendant has admitted guilt and clearly accepted responsibility for defendant's actions. Consequently, defendant is entitled to a two-level reduction pursuant to § 3E1.1(a) of the Sentencing Guidelines;

  f. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine defendant's applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

  g. The defendant understands that the estimated Guideline calculations set forth in the subsections of this paragraph do <u>not</u> bind the Court or the United States Probation Office with respect to the Court's determination of the applicable advisory Guidelines;

  h. The defendant and the United States confirm that the agreed sentence set forth in paragraph 6 above may well be a sentence above the recommended Guidelines range. However, the defendant and the United States further confirm that the agreed sentence in paragraph 6 above is both reasonable and authorized by law;

  i. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts

relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

    j.    The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that defendant will make during the plea colloquy, support the imposition of the agreed-upon sentence and Guidelines calculations contained in this agreement.

**11.    <u>Effect of Non-Agreement on Guidelines Applications</u>.**    The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12.    <u>Change in Guidelines Prior to Sentencing</u>.**    The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13.    <u>Government's Reservation of Rights</u>.**    The defendant understands that the United States expressly reserves the right in this case to:

    a.    oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b.    comment on the evidence supporting the charge in the indictment;

    c.    oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court does not impose the sentence agreed to by parties in this agreement; and

  d. oppose any post-conviction motions for reduction of sentence, or other relief.

  **14.** **<u>Waiver of Constitutional Rights</u>.** The defendant, by pleading guilty, acknowledges that defendant has been advised of, understands, and knowingly and voluntarily waives the following rights:

  a. the right to plead not guilty and to persist in a plea of not guilty;

  b. the right to be presumed innocent until defendant's guilt has been established beyond a reasonable doubt at trial;

  c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

  d. the right to confront and cross-examine the witnesses who testify against defendant;

  e. the right to compel or subpoena witnesses to appear on defendant's behalf; and

  f. the right to remain silent at trial, in which case defendant's silence may not be used against defendant.

  The defendant understands that by pleading guilty, defendant waives or gives up those rights and that there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, defendant's answers may later be used against defendant in a prosecution for perjury or making a false statement.  The defendant also understands defendant has pleaded guilty to a felony offense and, as a result, will lose the right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights.**

   a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement defendant waives any right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

   b. The defendant expressly waives any right to appeal defendant's sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal defendant's sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

16. **Financial Obligations.**

By entering into this plea agreement, the defendant understands and agrees to the following financial obligations:

   a. The Court may order restitution to the victims of the offense to which the defendant is pleading guilty. The defendant agrees that the Court may order restitution in connection with the conduct charged in any counts of the indictment which are to be dismissed and all other uncharged related criminal activity.

   b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

   c. The defendant will fully and truthfully disclose all assets and property in which defendant has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

   d. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information

Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

e. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets and restitution.

f. The defendant hereby authorizes the USAO to obtain a credit report pertaining to defendant, which will be used by the USAO to evaluate the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

g. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $ 100 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of defendant's fulfillment of this obligation at the time of sentencing.

h. The defendant certifies that defendant has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that defendant will make no such transfers in the future.

i. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

**17. Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive, or to authorize any third party to request or receive, from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**18. Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**19. Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw defendant's plea of guilty.

The defendant also understands and agrees that in the event defendant violates this plea agreement, all statements made by defendant to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against defendant in any and all criminal proceedings. The defendant waives any rights that defendant might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal

Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by defendant subsequent to this plea agreement.

20. **Defendant's Representations.** The defendant acknowledges entering into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that defendant is satisfied with the assistance of counsel, and that counsel has fully advised defendant of defendant's rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, defendant's attorneys or any other party to induce defendant to plead guilty.

21. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

22. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

        Thomas M. Larson
        United States Attorney

Dated: 9/14/2017        /s/ Brian P. Casey
        Brian P. Casey
        Assistant United States Attorney

Dated: 9/14/2017        /s/ David Raskin
        David Raskin
        Assistant United States Attorney

I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 9/14/2017        /s/ Isse Aweis Mohamud
        Isse Aweis Mohamud
        Defendant

I am defendant Isse Aweis Mohamud's attorney. I have fully explained to defendant the rights defendant has with respect to the offense charged in the indictment. Further, I have reviewed with defendant the provisions of the Sentencing Guidelines that might apply in this case. I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, the defendant's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 9/14/2017        /s/ Carie Allen
        Carie Allen
        Attorney for Defendant